IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ishmael Jamal Brown, ) | C/A No. 4:22-cv-1726-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| R.J. Reynolds Tobacco Company, Inc.; ) | |
| Brown & Williamson Tobacco Corporation; ) | |
| Lorillard Tobacco Company; and Phillip ) | |
| Morris, USA., Inc., ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 30.) Plaintiff Ishmael Jamal Brown ("Plaintiff" or "Brown"), a *pro se* state prisoner at Broad River Correctional Institution ("Broad River") has filed a civil rights action alleging Defendants R.J. Reynolds Tobacco Company, Inc.; Brown & Williamson Tobacco Corporation; Lorillard Tobacco Company; and Phillip Morris, USA., Inc., (collectively "Defendants") have committed wire, radio, and television communication fraud, as well as acted in violation of several other state statutes. Specifically, Brown seeks $100,000,000, among other things, in damages flowing from Plaintiff's smoking habit that began in 1992 when he was sixteen years old and continued for twenty-eight years. (DE 1, p. 7.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendants have moved to dismiss Brown's claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. (DE 22.) Defendants argue Brown's claims for damages should be dismissed because (1) Plaintiff's Negligent Failure to Warn/Strict Liability Claims are preempted by the Public Health Cigarette Smoking Act of 1969 (the "PHCS Act") or otherwise time-barred by the statute of limitations; Negligence and Fraud/Fraudulent Misrepresentation/Fraud in the Inducement Claims are time-barred by the three-year statute of limitations pursuant to S.C. Code Ann. §§ 15-3-530(5), 15-3-530(7) or otherwise fails to state a claim for relief sounding in fraud. (DE 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 18.) Plaintiff filed a Response in opposition on October 7, 2022. (DE 26.)

The Report was issued on July 11, 2023, recommending Brown's claims for damages be dismissed. (DE 30.) Petitioner has not filed an objection to the Report.[2] In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, the Court adopts the Report (DE 30) and incorporates it herein by reference.

---

[2] Plaintiff filed a motion for an extension of time to file objections on August 4, 2023, seeking forty-five days to file an objection. Thereafter, the Court issued a text order granting the motion, in part, and providing Plaintiff until September 6, 2023, to file objections to the Report. As of the undersigned date, Plaintiff has not filed an objection.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 22) is granted.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 12, 2023

# NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.